UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14061-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SALVADOR PASCUAL AGUIRRE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS NUMBERS 1, 2 AND 4 AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on March 4, 2015, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on March 4, 2015 for a final evidentiary hearing in respect to a Petition Alleging Violations of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Standard Condition**, by associating with a person who is a convicted felon without permission of the U. S. Probation Officer. On or about November 17, 2014 through December 14, 2015 [sic] the defendant knowingly associated with Leonard Addison Parks, Jr., black male, date of birth July 10, 1973, convicted in the United States District Court, Southern District of Florida, on January 25, 2008, Docket Number of 07-14061-CR-GRAHAM, of Conspiracy to Use, Induce, and Persuade a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Depiction of Such Conduct, and sentenced to 90 months |

1

|  |  |
|---|---|
|  | custody of the United States Bureau of Prisons followed by a 15 year term of supervised release. |
| **Violation Number 2** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or about October 20, 2014 through January 17, 2015, the defendant bought, sold, exchanged, possessed and/or produced visual depictions of minors and/or adults engaged in sexually explicit conduct as evidenced by the Web History taken from the defendant's Samsung cell phone that was forensically examined and returned to this officer on January 28, 2015. |
| **Violation Number 3** | **Violation of Special Condition**, by possessing or using a computer that contains an internal, external or wireless modem without the prior approval of the Court. Additionally, the defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or adults engaged in sexually explicit conduct. On or about January 17, 2015, the defendant did have in his possession a Samsung S4 smart phone with internet capability, as evidenced by a forensic examination of the phone, without the prior approval of the U. S. Probation Officer. |
| **Violation Number 4** | **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On January 17, 2015, the defendant was questioned regarding the ownership of a Samsung S4 smart phone, and stated it was his brothers, when in fact, evidence and statements made later indicate this to be false. |

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1, 2 and 4 as set forth in the Petition. The government announced that it agreed to dismiss Violation Number 3 of the Petition. This

2

Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3.  Both the government and the Defendant agreed that in respect to violation of supervised release Violation Number 2, that the Defendant was admitting to possession of the visual depictions and that there was no evidence that the Defendant bought, sold, exchanged, or produced such visual depictions. The explanation to the Court on the record was that the language in Violation Number 2 merely tracks the condition of supervised release which was violated. That condition includes the other language in addition to the "possession." Once again, both the government and the Defendant agreed that the Defendant was only admitting to possession. This Court did not have the authority to amend the Petition so it accepted the explanation on the record and stated that it would include the explanation in the Report and Recommendation to the District Court.

4.  Counsel for parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release and the Memorandum from USPO Daniel Osking to Judge Graham dated February 3, 2015. This Court pointed out that the Memorandum, copies of which have been provided to counsel for the government and counsel for the Defendant prior to this hearing, incorrectly lists the year of that Memorandum as being "2014." It was confirmed on the record at the change of plea hearing that the Memorandum actually was prepared and sent to Judge Graham on or about February 3, 2015. With that notation, the Court did take judicial notice of the

facts set forth in that Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admissions to Violations Numbers 1, 2 and 4 set forth in the Petition.

5. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1, 2 and 4 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1, 2 and 4 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 4th day of March, 2015, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Russell Killinger
Julie Prag Vianale, Esq.
U. S. Probation
U. S. Marshal